UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DALYNNE SINGLETON, as Administrator of the ESTATE OF BRANDON BLURTON, et al.,<br><br>Plaintiffs,<br>v.<br><br>LEWIS COUNTY, et al.,<br><br>Defendants. | CASE NO. C25-5654 BHS<br><br>ORDER |

THIS MATTER is before the Court on defendants City of Chehalis, Officer Joshua Brunstad, and Sergeant Michael Bailey's motion for summary judgment, Dkt. 34; on plaintiff Dalynne Singleton's responsive Rule 54(d) motion to continue the summary judgment motion so that she may conduct discovery into her claims, Dkt. 41; and on the City defendants' recent motion to stay discovery and strike the trial date, Dkt. 48.

The case involves a July 12, 2023, encounter between Brandon Blurton, Lewis County sheriff's deputies, and Chehalis police officers. Blurton was agitated and confrontational, and repeatedly threatened to fight, injure, or kill one or more officers, in a stated effort to get arrested and put in jail so he could detox. The Lewis County deputies

eventually did arrest Blurton for assault, and transported him to the County Jail. Blurton later killed himself in his cell. *See* Dkt. 1.

Blurton's estate, his three minor children, and his wife[1] sued, asserting § 1983 claims against the officers involved for violations of Blurton's Fourteenth Amendment rights, and *Monell* claims against the City and the County. They also assert state law negligence claims. All are based on the claimed failure to properly screen Blurton for suicidal ideation and deliberate indifference to his serious medical needs when he was jailed.

The City defendants seek summary judgment on all the plaintiffs' claims, arguing there is no evidence to support them. In response, Singleton asks the Court to continue the motion under Rule 54(d) so that she may conduct needed discovery into the officers' training and history, the defendants' interactions with medical providers, the Lewis County crisis intervention team, and other matters pertaining to the merits of her claims. *See* Krulewitch Decl., Dkt. 42. Singleton emphasizes that such Rule 54(d) relief is "fairly freely" available where the non-moving party identifies evidence that may be critical to defending the summary judgment motion. Dkt. 41 at 12 (citing *Program Eng'g, Inc. v. Triangle Publ'ns, Inc.*, 634 F.2d 1188 (9th Cir. 1980) ("Generally where a party has had no previous opportunity to develop evidence and the evidence is crucial to material issues

[1] Dalynne Singleton is the administrator of Blurton's Estate. Her prior relationship to Blurton is not clear, but this Order will use the singular Singleton to refer to all plaintiffs, unless the context requires more specific identification.

in the case, discovery should be allowed before the trial court rules on a motion for summary judgment.").

The City defendants respond that there is already video of the entire interaction, that Brunstad and Bailey did not arrest Blurton or transport him to the jail, and that the Lewis County deputies who did so had all the same information they did. Dkt. 46. They argue there is no evidence supporting Singleton's claims. They assert Singleton is not entitled to a Rule 54(d) continuance because she has not identified "specific" facts that the requested discovery would reveal, and why they would preclude summary judgment. Dkt. 46 at 11 (citing *Tatum v. Cty. and Cnty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006)). The City defendants ask the Court to deny Singleton's request for a Rule 54(d) continuance and enter summary judgment in their favor. *Id*.

The City defendants' recent motion asks the Court to stay ongoing discovery pending the resolution of their summary judgment motion, and to strike the current February 23, 2027, trial date. Dkt. 48. They argue that Singleton has been conducting significant discovery in the interim, and that discovery is almost complete, and therefore that Singleton will not be prejudiced by a stay. Alternatively (and inconsistently), the City defendants ask the Court to extend both the discovery deadline and the trial date by six months so that discovery may be completed, and the Court may have time to rule on the pending summary judgment motion. *Id*. at 2.

Singleton opposes both requests. She argues that the City has largely failed to conduct discovery since it filed its summary judgment motion, apparently hoping that the Court would grant that motion without permitting Singleton additional discovery of her

own. She asserts that the City has yet to take a deposition and has identified only one expert despite the deadline for disclosing experts expiring August 17. Dkt. 50 at 2–4.

The Court agrees that the City has not shown good cause for striking the trial date at this time, and that request, Dkt. 50, is **DENIED**. Nor will the Court stay discovery pending resolution of the summary judgment motion. First, Singleton's Rule 54(d) request for additional discovery in response to a summary judgment motion predates the City's stay request by two months, and she has apparently used the interim to conduct discovery. The City's failure to similarly use that time should not result in the Court staying her discovery efforts. Second, there are claims against other defendants that would be affected by the stay. The City Defendants' motion to stay discovery, Dkt. 50, is **DENIED**. Singleton's request for costs or other sanctions, Dkt. 50 at 12–13, is **DENIED**.

Singleton's motion for a Rule 54(d) continuance has been effectively **GRANTED**, and she has apparently used the time to conduct discovery. The Court will **RE-NOTE** the City's summary judgment motion, **Dkt. 34**, for Monday, **October 5**. Singleton may file a supplemental or replacement response to summary judgment and supporting declaration(s) submitting any additional evidence she has obtained, by **September 25**. The City may file a supplemental or replacement reply by **October 5**. The discovery deadline is extended to **November 12, 2026**. The remaining deadlines are unchanged, including the trial date.

**IT IS SO ORDERED**.

//

//

Dated this 11th day of September, 2026.

BENJAMIN H. SETTLE
United States District Judge